**FILED**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

SEP 3 0 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES OF AMERICA

v.

JUSTIN NEAL WATSON

ED/TX 1:15-mj-168

**CRIMINAL COMPLAINT**

CASE NUMBER: W/15-202M

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

Beginning on or about **November 22, 2011**, and ending on or about **April 28, 2012**, in **Bell** County, in the **Western** District of **Texas**, defendant(s) **did knowingly embezzle, steal, purloin or knowingly covert to his use, property of the Department of the Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000,** in violation of Title **18**, United States Code, Section(s) **641**.

I further state that I am a(n) **Special Agent, United States Army Criminal Investigation Division, Major Procurement Fraud Unit,** and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

continued on the attached sheet and made a part hereof: YES

_____
SIDNEY LANE ALLEN, JR., Special Agent
U.S. Army Criminal Investigation Division
Major Procurement Fraud Unit

Sworn to before me and subscribed in my presence,

September 30, 2015                    Waco, Texas
Date                                  City and State

Jeffrey C. Manske
U.S. Magistrate Judge
Name & Title of Judicial Officer      Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS

Waco Division

| UNITED STATES OF AMERICA | ED/TX 1:15-mj-168 |
| --- | --- |
| v. | |
| Justin Neal WATSON | |

AFFIDAVIT IN SUPPORT OF
<u>CRIMINAL COMPLAINT</u>

I, Sidney Lane Allen Jr., being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the U.S. Army Criminal Investigation Division's Major Procurement Fraud Unit (Army CID) and have been employed with Army CID since November 2000. I am a federal law enforcement officer of the United States and I am authorized by law to conduct investigations and make arrests for felony offenses. Since in or about March 2007, I have been assigned to a unit specializing in investigations of fraud against the Department of Defense, bribery of public officials, conflict of interest and money laundering. During my tenure, I have worked extensively on fraud and public corruption cases and thus I am familiar with the techniques, strategies, and behavior of individuals who have defrauded or stolen from the U.S. government, and who seek to conceal such illicit activities from detection by law enforcement.

2. I have personally participated in this investigation as well as overseen the overall investigation. The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation from other individuals, including other law enforcement officers, interviews of cooperating individuals as described to

me by other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

## PURPOSE OF AFFIDAVIT

3. I make this Affidavit for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant against Justin N. WATSON for Theft of money from the United States and Department of the Army, in violation of 18 U.S.C. § 641. This affidavit does not set forth each and every fact that I or others have learned during the course of this investigation.

## BACKGROUND

4. Special Agents with U.S. Army CID are conducting an investigation into allegations that WATSON, while assigned to Fort Hood, TX, stole approximately $121,793.96 when he fraudulently processed approximately 19 Defense Travel System (DTS) vouchers.

5. On January 26, 2015, the Internal Review Office for the Assistant Secretary of the Army (Financial Management and Comptroller), Washington, D.C. referred information that WATSON wrongfully used his role as an Authorizing Official to process authorizations and vouchers in the names of himself and others that resulted in Electronic Fund Transfer disbursements to a bank account controlled by WATSON. WATSON subsequently deserted from the U.S. Army.

## INVESTIGATION AND FACTS SUPPORTING PROBABLE CAUSE FOR ARREST

6. Justin N. WATSON is a Sergeant in the U.S. Army who served at Fort Hood, TX from approximately 2009 until 2012, when he did not report for duty. Prior to deserting, WATSON was assigned to the Rear Detachment of the 2/5 Cavalry of the 1st Cavalry Division which at the time was deployed to Southwest Asia. As part of his duties at the Rear Detachment,

2

WATSON was assigned as the authorizing official for the Defense Travel System (DTS). As an Authorizing Official, WATSON maintained the authority to review, authorize, and approve expenditures of U.S. Government funds for official travel.

7. The DTS is an internal Department of Defense system used by all military branches to create travel authorizations, prepare reservations, receive approvals, generate travel vouchers, and receive reimbursement to travelers bank accounts. In order to access DTS, users must utilize a Common Access Card (CAC) with their personal identification number (PIN). The CAC, a "smart" card about the size of a credit card, is the standard identification for active duty uniformed service personnel, selected Reserve, DoD civilian employees, and eligible contractor personnel. It is also the principal card used to enable physical access to buildings and controlled spaces, and it provides access to DoD computer networks and systems.

8. As a web-based financial management system, DTS access and authorities differ among permission levels granted to each user. According to DTS protocols, the assignment of specific DTS permissions is among the most trusted obligations to prevent exploitation. As an Authorizing Official, WATSON originally maintained permissions granting him the authority to review, approve and authorize payments, however, on 19 Apr 2012, his permissions were upgraded to levels that are normally reserved for Defense Travel Administrator's. The upgrade of WATSON's permissions ostensibly granted him superuser authority which allowed him to access and alter traveler's profiles such as, names, social security numbers and bank routing information. The new authorities enabled WATSON to create false user accounts, authorize false travel and ultimately authorize the false payment of funds (to his private account) with no need for higher level review. WATSON processed the following seven DTS actions using unauthorized and fictitious profiles he created in the names of his wife, daughter and son.

3

9. On April 19, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to digitally sign and approve payment of a one day local travel voucher in the name of WATSON's wife, Arline Saenz, to travel from Fort Hood, TX to Fort Sam Houston, TX claiming she traveled 6,468 miles in a personally owned vehicle resulting in $3,589.74 in expenses. In addition, WATSON also approved $420.00 in meals and incidental expenses for the one day travel. The justification for the authorization was for "reimbursement of a medical specialty need" however, the comments section stated the purpose was "to attend military police training." No substantiating documentation was provided. The voucher WATSON approved resulted in a total payment of $4,009.74 to a bank account owned by WATSON. According to a common website used to obtain directions, a round trip from Fort Hood, TX to Fort Sam Houston, TX is approximately 360 miles, not the 6,468 claimed.

10. At 1:15 p.m. on April 20, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to digitally create and approve a one day local travel voucher in the name of his dependent daughter (at the time 3 years old), Lillian Masters, for travel from Fort Hood, TX to Galveston, TX claiming 9,118 miles of travel in a personally owned vehicle resulting in $5,060.49 in expenses. In addition, WATSON claimed and approved $477.00 for gasoline and $675.00 for meals and incidentals. The justification was for "medical." No substantiating documentation was provided. WATSON's approval of the voucher resulted in a total payment of $6,212.49 to a bank account owned by WATSON. According to a common website used to obtain directions, a round trip from Fort Hood, TX to Galveston, TX is approximately 500 miles, not the 9,118 claimed. The voucher was approved approximately 9 minutes after being entered.

11. At 1:36 p.m. on April 20, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to digitally create and approve a one day local travel voucher in the name of

his dependent child, Christopher Simon, for travel from Fort Hood, TX to Fort Lewis, WA claiming 9,646 miles of travel in a personally owned vehicle resulting in $5,353.53 in expenses. In addition, WATSON claimed and approved $709.00 for gasoline, $588.00 for "substandard", and $45.00 for toll fees. The justification was for "Medical U7252." No substantiating documentation was provided. WATSON's approval of the voucher resulted in a total payment of $6,695.53 to a bank account owned by WATSON. According to a common website used to obtain directions, a round trip from Fort Hood, TX to Fort Lewis, WA is approximately 4,200 miles, not the 9,646 claimed. The voucher was approved approximately 13 minutes after being entered.

12. At 1:54 p.m. on April 20, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to digitally create and approve a one day local travel voucher in the name of his dependent child, Christopher Simon, for travel from Fort Hood, TX to Houston, TX claiming 9,997 miles of travel in a personally owned vehicle resulting in $5,098.47 in expenses. In addition, WATSON claimed and approved $300.00 for gasoline and $712.00 for "substandard." The justification for the authorization was for "medical." No substantiating documentation was provided. WATSON's approval of the voucher resulted in a total payment of $6,110.47 to a bank account owned by WATSON. According to a common website used to obtain directions, a round trip from Fort Hood, TX to Houston, TX is approximately 405 miles, not the 9,997 claimed. The voucher was approved approximately 10 minutes after being entered.

13. On April 22, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to create an authorization in the name of "Jinna A. Johnson" requesting $25,996.30 with a travel advance of $18,390.80 for travel from Copperas Cove, TX to Manhattan, NY for approximately 30 days. The authorization was approved approximately 11 minutes after it was

5

signed resulting in an $18,390.80 payment to a bank account owned by WATSON. A further audit of account changes revealed the CAC and PIN of WATSON were used to change the profile name of Christopher Simon, the 3 year old dependent son of WATSON, to "Jinna Johnson" without changing the Social Security Number, address, or gender belonging to the profile of Christopher Simon.

On April 23, 2012 after the authorization was approved, the CAC and PIN of WATSON were used to change the profile name from Jinna Johnson back to Christopher Simon.

14. On April 25, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to digitally sign and approve a one day local travel voucher in the name of WATSON's 3 year old dependent daughter, Lillian Masters, for travel from Fort Hood, TX to Edwards Air Force Base, CA claiming 53,030 miles in a personally owned vehicle resulting in $29,431.65 in expenses. In addition, WATSON claimed $2,013.00 for a rental car. The justification was "escort." No substantiating documentation was provided. WATSON's approval of the voucher resulted in a total payment of $31,444.65 to a bank account owned by WATSON. According to a common website used to obtain directions, a round trip from Fort Hood, TX to Edward Air Force Base, CA is approximately 2,700 miles, not the 53,030 claimed. WATSON approved the voucher approximately 1 minute after it was entered.

15. On April 25, 2012 WATSON, while assigned to Fort Hood, TX, used his CAC and PIN to digitally sign and approve a travel voucher in the name of his wife, Arline Saenz, to travel from Copperas Cove, TX to Fort Bliss, TX claiming she traveled 21,900 miles in one day in a rental vehicle resulting in $36,074.00 in expenses. In addition, WATSON also approved an additional $1,090.00 in rental car expenses. The comments section stated "Back pay for Offical [sic] Travel from 2010 to 2012" and the justification stated "Valero." No substantiating

documentation was provided. The voucher WATSON approved resulted in a total payment of $37,164.00 to a bank account owned by WATSON. According to a common website used to obtain directions on the World Wide Web, round trip from Copperas Cove, TX to Fort Bliss, TX is approximately 1,120 miles, not the 21,900 miles claimed.

16. On April 30, 2012 the CAC and PIN of WATSON were used to delete the DTS user profiles of Christopher Simon and Lillian Masters.

17. From approximately November 22, 2011 to March 27, 2012 WATSON created eight local vouchers, two authorizations and two vouchers under his own DTS profile that resulted in payments totaling approximately $11,766.28. All actions contain conflicting statements and justifications and do not contain relevant documentation to support a claim for travel.

18. A review of records from USAA Federal Savings Bank reflected that WATSON was the sole signatory on account number *****9325 which received $121,793.96 in fraudulent disbursements. On April 27, 2012 the final fraudulent payment was received into WATSON's bank account. A day later, on April 28, 2012 WATSON wrote two checks from this account totaling $55,888.24 to Toyota of Killeen for the purchase of a 2012 Toyota FJ Cruiser and a 2012 Toyota Camry. The following is an excerpt of the USAA account:

| DATE | AMOUNT | DEPOSIT TYPE | NAME |
|---|---|---|---|
| 4/24/2012 | $ 18,390.80 | Credit | DFAS-IND, IN |
| 4/27/2012 | $ 31,444.65 | Credit | DFAS-IND, IN |
| 4/27/2012 | $ 37,164.00 | Credit | DFAS-IND, IN |
| 4/28/2012 | $ 45,888.24 | Debit | Toyota of Killeen |
| 4/28/2012 | $ 10,000.00 | Debit | Toyota of Killeen |

19. On July 12, 2012 WATSON did not show for duty and was reported Absent Without Leave by his unit. WATSON is currently wanted as a deserter.

## CONCLUSION

20. Based on my training and experience and the foregoing facts, there is probable cause to believe that WATSON illegally manipulated the DTS to steal U.S. Government monies for his own use.

_____
SIDNEY LANE ALLEN, JR., Special Agent
U.S. Army Criminal Investigation Division
Major Procurement Fraud Unit

SUBSCRIBED AND SWORN TO before me on the 30th day of September, 2015.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE

8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

v.

JUSTIN NEAL WATSON

EX/TX 1:15-mj-168

WARRANT FOR ARREST

CASE NUMBER: W15-202-M1

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest    JUSTIN NEAL WATSON
                                           Name
and bring him or her forthwith to the nearest magistrate to answer a(n)

() Indictment    () Information   (X) Complaint   () Order of court   () Violation Notice   () Probation Violation Petition

charging him or her with:  did knowingly embezzle, steal, purloin or knowingly covert to his use, property of the Department of the Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code, Section 641.

JEFFREY C. MANSKE
Name of Issuing Officer

_[signature]_
Signature of Issuing Officer

Bail fixed at $ _detained_

U. S. Magistrate Judge
Title of Issuing Officer

September 30, 2015            Waco, TX
Date and Location

_[signature]_
by Jeffrey C. Manske, U. S. Magistrate Judge
Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

FILED

SEP 3 0 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. W15-202M |
| | * | |
| JUSTIN NEAL WATSON | * | |

### ORDER TO SEAL

The Government having moved to seal the Complaint and all related papers filed in this case, and the Court finding said motion meritorious;

IT IS HEREBY ORDERED that the Complaint and related papers including the motion and this order be sealed until the arrest of Defendant, save for one copy to be provided to the United States Attorney's Office and one copy to be provided to the United States Pretrial Services Office.

SIGNED on this the 30th day of September, 2015.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE